IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DAVID WILKERSON, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY CHAMBERLAIN, BESSIE DOMINGUEZ, SUSAN TUELL, and WEXFORD HEALTH SOURCES, INC., <br><br> Defendants. | Case No. 3:17-cv-50046 <br><br> Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Wilkerson, an inmate at Dixon Correctional Center (Dixon), brought this action against the Defendants alleging that he was continually denied adequate medical treatment while incarcerated. Before the Court is Plaintiff's motion to bar the entire testimony of Registered Nurse Rita Rusenas and Dr. Martin Borhani, Defendants' expert opinion witnesses. Dkt. 284.

**I. BACKGROUND**[1]

Mr. Wilkerson is an inmate at Dixon who suffers from spastic paraplegia that requires him to use a wheelchair. Because of his paraplegia, Mr. Wilkerson has multiple medical issues that necessitate specialized medical care and treatment. Mr. Wilkerson claims that as a result of a systematic deprivation of adequate medical care while at Dixon, he developed pressure sores and infections that cause him great physical pain and mental suffering. Defendants Dr. Chamberlain, Dr.

---

[1] These facts are taken from the Plaintiff's consolidated amended complaint, Dkt. 77.

1

Dominguez, and nurse practitioner Susan Tuell were all employed by Wexford Health Sources to provide medical care at Dixon.

**II. LEGAL STANDARD**

The admissibility of opinion witness testimony is governed by Federal Rule of Evidence 702 and the principles established in *Daubert v. Merrell Dow Pharma.*, 509 U.S. 579 (1993). The district court acts as a gatekeeper of admissibility, and the rules of evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. The court must evaluate four components of the proffered testimony: (1) if the witness is qualified to provide the opinion; (2) whether the testimony will assist the trier of fact; (3) whether the testimony is based on sufficient facts or data and reliable principles and methods; and (4) whether the opinion is based on a reliable application of the principles and methods to the facts of the case. *See Lees v. Carthage College,* 714 F.3d 516, 521–22 (7th Cir. 2013); *Daubert*, 509 U.S. at 589–96. "Determinations on admissibility should not supplant the adversarial process; 'shaky' expert testimony may be admissible, assailable by its opponents through cross-examination." *Gayton v. McCoy*, 593 F.3d 610, 616 (7th Cir. 2010). Whether a witness is qualified as an expert can only be determined by comparing the area in which the witness has superior knowledge, skill, experience, or education with the subject matter of the witness' testimony." *Carroll v. Otis Elevator Co.,* 896 F.2d 210, 212 (7th Cir. 1990). There is no requirement that an opinion witness be a specialist in a given field. *Gayton*, 593 F.3d at 618. "[E]xtensive hands-on experience over a

meaningful period of time which a person develops a working expertise in a certain area" may qualify a person to provide testimony in that area. *See Jones v. Lincoln Elec., Co.*, 188 F.3d 709, 725 (7th Cir. 1999). "An expert's specialization or lack thereof, typically goes to the weight of the testimony, not its admissibility." *Anderson v. Raymond Corp.*, 61 F.4th 505, 509 (7th Cir. 2023) (internal quotations omitted); *Hall v. Flannery*, 840 F.3d 922, 929 (7th Cir. 2016) ("Ordinarily, courts impose no requirement that an expert be a specialist in a given field".) The inquiry focuses on the expert's methodology, not the ultimate conclusions. *Anderson*, 61 F.4th at 510–11. The proponent bears the burden of establishing the necessary evidentiary foundation for an opinion. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017).

## III. ANALYSIS

Plaintiff's motion seeks to bar the admission of all opinion testimony by Ms. Rusenas and Dr. Borhani on the medical standard of care provided to Plaintiff. Plaintiff argues that the testimony should be barred because Ms. Rusenas and Dr. Borhani are not qualified to offer the expert opinions presented in their reports, and both fail to identify the documents they base their opinions on.

Plaintiff argues that because Ms. Rusenas is only a registered nurse, she is not qualified to give opinions about the wound care Plaintiff received from the individual defendants because they are "more advanced medical professionals". Mot. to Exclude, Dkt. 284 at 5. Plaintiff also argues that because Dr. Borhani's practice focuses on surgery, he is not qualified to opine on the urological care that Plaintiff

3

received at Dixon. Mot. to Exclude, at 10. The Court's role is to evaluate the admissibility of expert opinions, and there is no requirement that Ms. Rusenas must be the same type of medical professional as the defendants or that Dr. Borhani be a specialist in the exact specialty that Plaintiff claims his medical care was inadequate. *See Anderson*, 61 F.4th at 509; *Gayton*, 593 F.3d at 618. The difference between the level of Ms. Rusenas' medical training and Dr. Borhani's specialization goes to the weight of the testimony, which is a matter that counsel may explore on cross-examination. *Anderson*, 61 F.4th at 509; *Gayton*, 593 F.3d at 616. Further, it cannot be said that Ms. Rusenas' 30 plus year career as a nurse, and Dr. Borhani's twenty plus years' experience make either witness unqualified to offer an opinion on Plaintiff's treatment. *See Jones*, 188 F.3d at 725 (extensive hands-on experience over a meaningful amount of time qualifies a person to provide testimony in that area).

      Next, Plaintiff argues Dr. Borhani should be barred from giving an opinion that there was no delay in Plaintiff receiving specialty care at a UIC clinic. Mot. to Exclude, at 12. Plaintiff asserts that Dr. Borhani's first-hand knowledge of wait times for specialty care at UIC clinics does not qualify him to opine on the timeliness of urological care at UIC clinics. But Dr. Borhani has more than sufficient knowledge to give an opinion on the timeliness of receiving specialty care at UIC. Dr. Borhani was on staff at UIC at all relevant times to Plaintiff's allegations and simply states that based on his personal experience from both working at UIC and referring patients to specialty care, it can take 2-12 months to

4

obtain an appointment date. Although Dr. Borhani admits he has not referred patients to urological care at UIC that is a matter for cross examination, nevertheless his personal experience and knowledge qualifies him to provide an admissible opinion on the timeliness of obtaining specialty care at UIC clinics generally. *See Jones*, 188 F.3d at 725 (extensive hands-on experience over a meaningful amount of time qualifies a person to provide testimony in that area); *Gayton*, 593 F.3d at 616.

Finally, Plaintiff argues that the reports were not properly disclosed because they provide only bulk citations when Federal Rule of Civil Procedure 26 requires precise cites to the documents Ms. Rusenas and Dr. Borhani used to develop their opinions. The Court finds no support for Plaintiff's argument. Rule 26 does not impose a heightened disclosure requirement on an expert opinion witness and none of the cases that Plaintiff cites in support of his argument align with the situation here. Ms. Rusenas and Dr. Borhani both provided a summary of the materials they reviewed to form their opinions, which include the complaint, Plaintiff's medical records, depositions of the defendants, and the reports of Plaintiff's opinion witnesses. Citing these materials without specific page numbers does not prejudice the Plaintiff because all these documents are central to his claims. It appears to the Court that Plaintiff has intimate knowledge of documents that he prepared himself or transcripts of depositions taken in the presence of Plaintiff's counsel.

## IV. CONCLUSION

For these reasons, Plaintiff's motion to exclude the expert opinions of Ms. Rusenas and Dr. Borhani is denied.

Date: May 17, 2023

                                                          Honorable Iain D. Johnston
                                                          United States District Judge